# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CARLOS BRITO,**

      **Plaintiff,**

v.                                       **Case No:  6:17-cv-2192-Orl-28DCI**

**POINTE ORLANDO DEVELOPMENT
COMPANY, FUNKY MONKEY, INC.,
THE JOHNNY ROCKETS GROUP,
INC. and GIANO GELATO, LLC,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the undersigned for consideration without oral argument following Plaintiff's Response (Doc. 39) to the Court's Order to Show Cause (Doc. 35).

### *Background*

On December 22, 2017, Plaintiff filed the Complaint, alleging a single cause of action against four Defendants[1] for violations of the Americans with Disabilities Act (ADA). Doc. 1. Plaintiff alleged that Pointe Orlando owns and operates a shopping plaza, and that Funky Monkey, Johnny Rockets, and Giano Gelato each own and operate a place of public accommodation located within Pointe Orlando's shopping plaza. *Id*. at 2-3.  Plaintiff then alleged various ADA violations at each Defendants' place of business and at the shopping plaza in general. *Id*. at 7-15.  Plaintiff asks the Court, in part, to provide "[i]njunctive relief against Defendants including an order to make all readily achievable alterations to the facilities." *Id*. at 18.

---

[1] Specifically, Pointe Orlando Development Company (Pointe Orlando); Funky Monkey, Inc. (Funky Monkey); the Johnny Rockets Group, Inc. (Johnny Rockets); and Giano Gelato, LLC (Giano Gelato).

In the Complaint, Plaintiff included allegations of violations in four categories: first "as to the plaza property in general" and then as to the three tenant Defendants (Funky Monkey, Johnny Rockets, and Giano Gelato). First, "as to the plaza property in general," Plaintiff alleged certain violations related to "parking," "entrance access and path of travel," and "public restrooms." Doc. 1 at 8-10. The undersigned can only assume that these violations relate to Defendant Pointe Orlando. But these violations concern boilerplate allegations divorced from any specific feature of the property at issue and include undifferentiated references to "tenant spaces" and other physical spaces that may – or may not – relate to the other three Defendants, each of which is presumably a tenant at the plaza. *Id*. The Complaint then states violations as to each of the three tenant Defendants for virtually identical violations related to "public restrooms," although it is unclear if these are the same violations listed "as to the plaza in general" or some other alleged violations. *Id*. at 10-15. Finally, "as to Defendant, Funky Monkey," there is a violation concerning "the bar counter" being mounted "too high." *Id*. at 10. And despite the limited differentiation between Defendants in the Complaint, Plaintiff still lumps the foregoing allegations into a single count without providing any basis for joint liability amongst the tenant Defendants – or even stating which Defendants are jointly liable with which other Defendants as to which alleged violations6. Thus, if anything, Plaintiff's Complaint makes clear that the tenant Defendants are improperly joined in this action.

Further, Plaintiff does not appear to be asserting any right to relief against Defendants jointly, severally, or in the alternative, with respect to or arising out of the same transaction or occurrence. Defendants Funky Monkey, Johnny Rockets, and Giano Gelato each operate independent businesses that do not appear to share any connection to each other other than the fact that they are located within the same shopping plaza, albeit at different physical locations. None of Funky Monkey's, Johnny Rockets', or Giano Gelato's alleged violations appear to be related to

each other in any way.  And, as previously noted, Plaintiff failed to assert any basis upon which these Defendants could be held jointly liable for each other's ADA violations.  *See Kennedy v. Petro Mgmt., Inc.*, Case No. 6:17-cv-757-37DCI, Doc. 17 at 5-6 (M.D. Fla. June 2, 2017) (finding that the plaintiff's joinder of multiple ADA defendants was inappropriate where the cause of action asserted four logically distinct and factually separate alleged violations of the ADA).  Further, although landlords and tenants are jointly liable for ADA violations existing at the tenant's establishment, *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015), Plaintiff failed to plead whether such a relationship exists between Pointe Orlando and the other Defendants.

For the foregoing reasons, the undersigned issued an Order directing Plaintiff to show cause in writing why the Complaint should not be dismissed without prejudice for improper joinder of Defendants.  Plaintiff filed a timely response to the Court's Order.  In the Response, Plaintiff asserted in a conclusory manner that Defendants should not be severed because the case involves "a common relationship between the parties and common damages and interrelated remediations." Doc. 39 at 5-6.  Plaintiff also asserted that because "the parties are arguably jointly and severally liable for the areas where the ADA violations sit," severance may lead to "inconsistent results." *Id*. at 5.  In addition, Plaintiffs complained that the case has progressed and the parties have expended resources that would be multiplied if the case was severed.  *Id.*

### *Legal Standard*

Federal Rule of Civil Procedure 20(a)(2) provides that "persons . . . may be joined in one action as defendants if: any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  To determine whether an asserted right to relief concerns the same "transaction or

occurrence" under the first prong of Rule 20, courts employ a "logical relationship" test. *See Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003). A logical relationship exists where "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *See Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (quoting *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)).

In assessing the propriety of the joinder of claims and parties, district courts are encouraged to entertain "the broadest possible scope of action consistent with fairness to the parties." *See United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). But despite the flexibility inherent in the logical relationship test, courts have determined that joinder of parties is inappropriate where: (1) the claims asserted against the defendants share only similar issues of liability, *see, e.g.*, *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016); (2) defendants are simply alleged to have wronged the plaintiff in the same manner, *Turpeau v. Fid. Fin. Servs., Inc.*, 936 F. Supp. 975, 978 (N.D. Ga. 1996), *aff'd* 112 F.3d 1173 (11th Cir. 1997); or (3) defendants are alleged to have violated the same statute yet do not share a juridical link, *Turpeau*, 936 F. Supp. at 978-79. While courts have broad discretion in deciding whether or not to join parties under Rule 20, *see Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002), the "[m]isjoinder of parties is not a ground for dismissing an action," Fed. R. Civ. P. 21. Rather, on its own motion, the court may drop a party, or sever any claim against a party. *Id.*

*Discussion*

The issue now before the undersigned is one which many courts in this District have faced. For example, in *Kennedy v. Petro Management, Inc. et al.*, the Court found as follows in a case involving the same Plaintiff, a very similar complaint, and the same legal issue:

> Applying the foregoing standards to the allegations in the Operative Complaint, the Court finds that Petro Inc.—the Tenant Defendants' landlord—may be appropriately joined as a defendant in separate actions against *each* Tenant Defendant. Importantly, courts have held that landlords and tenants are jointly liable for ADA violations in the tenant's establishment. *See, e.g.*, *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) (referencing the landlord-tenant relationship as the common transaction or occurrence).
>
> However, Plaintiff has failed to assert any basis on which the Tenant Defendants could be held jointly liable for *each other's* ADA violations. Thus, while Plaintiff may assert a right to relief jointly against each landlord-tenant pairing, Plaintiff cannot assert "any right to relief" against *all* Defendants "jointly, severally, or in the alternative," as required under Rule 20(a)(2)(A).
>
> Rather, Plaintiff's attempted joinder of the Tenant Defendants in a single action is inappropriate here, as all of the claims do not arise out of the same transaction or occurrence. Instead, this action asserts four logically distinct and factually separate violations—(1) the Malabar Plaza Violations asserted against Petro Inc. alone; (2) the violations occurring at the Shell Station, for which Petro Inc. and PH & NJ are jointly liable ("**Shell Station Violations**"); (3) the violations occurring at the Pizza Shop, for which Petro Inc. and S&S Inc. are jointly liable ("**Pizza Shop Violations**"); and (4) the violations occurring at the Nail Salon, for which Petro Inc. and Ms. Vo are jointly liable ("**Nail Salon Violations**"). These discrete groups of violations do not meet the "logical relationship" test, as the operative facts of each are distinct. For example, the alleged restroom violations at the Pizza Shop have no relationship to the alleged restroom violations at the Nail Salon. (*See* Doc. 10, ¶¶ 13, 14.) At best, this suit joins claims based only on similar issues of liability—that is, allegations that Defendants violated the ADA in the same manner—without asserting a sufficient legal relationship between the Tenant Defendants or their establishments. *See Turpeau*, 936 F. Supp. at 978; *Rhodes*, 313 F.R.D. at 659.
>
> As the present action essentially contains four sets of unrelated ADA violations, the Court elects to sever the Malabar Plaza, Shell Station, Pizza Shop, and Nail Salon Violations into four separate actions. *See* Fed. R. Civ. P. 21; *see also, e.g.*, *Kennedy v. Skyview Plaza, LLC*, No. 6:16-cv-2128, 2017 WL 589196 (M.D. Fla. Feb. 14, 2017) (severing ADA claims asserted against five separate landlord-tenant pairings and directing the plaintiff to file separate actions).

6:17-cv-757-RBD-DCI, Doc. 17 at 5-6 (M.D. Fla. June 5, 2017) (emphasis in original).  In that case, the Court, as it has done many times over the past few years, ordered severance and the filing of separate Complaints.  This case is no different.  Again, there are essentially four sets of unrelated ADA violations against four Defendants, and the undersigned recommends severance for the same reasons articulated in *Kennedy v. Petro Management, Inc. et al.*  While Defendant Pointe Orlando "may be appropriately joined as a defendant in separate actions against *each* [t]enant Defendant[,] . . . Plaintiff has failed to assert any basis on which the [t]enant Defendants could be held jointly liable for *each other's* ADA violations."  *Id*. (emphasis in original).  Thus, severance is warranted.

Further, this recommendation should come as no surprise to Plaintiff.  The undersigned specifically cited *Kennedy v. Petro Management, Inc. et al.* to Plaintiff in the Order to Show Cause and directed that Plaintiff's "response shall address the issues identified in [the] Order."  Doc. 35 at 3.  Despite that directive, Plaintiff failed to distinguish, or even discuss, that case, and Plaintiff also failed to address any of the myriad cases from this District ordering severance of defendants in cases just like this.  Finally, Plaintiff's arguments against severance are conclusory and insufficient.  *See* Doc. 39 at 5-6.  Plaintiff alleges "common" issues in the same vague and unsupported manner in which Plaintiff pled in this case and, tellingly, asserted only that Defendants are "arguably" jointly and severally liable for the violations in the Complaint.  *Id*.

### *Conclusion*

Accordingly, for the foregoing reasons, the undersigned finds Plaintiff's response to the Order to Show Cause insufficient and finds that Plaintiff has failed to Show Cause why the Complaint (Doc. 1) should not be dismissed without prejudice for improper joinder of Defendants.

Thus, it is **RECOMMENDED** that:

1. The Complaint be **DISMISSED** without prejudice. If an amended complaint is filed pursuant to paragraph 3 below, only the claims related to the violations against Defendant Funky Monkey remain in this case.[2]

2. Any claims against Defendants Pointe Orlando, Johnny Rockets, and Giano Gelato be **SEVERED** from this case and those Defendants be **DROPPED** as parties from this case.

3. The Clerk be **DIRECTED** to terminate Defendants Pointe Orlando, Johnny Rockets, and Giano Gelato as parties to this action.

4. Plaintiff be **DIRECTED** to <u>either</u>: (a) file an amended complaint alleging only the claims related to Defendant Funky Monkey, although Defendant Pointe Orlando may be re-alleged as a party and joined in this action to the extent that Plaintiff is seeking relief jointly and severally against Defendant Pointe Orlando for those violations;[3] **or** (b) file a notice of voluntary dismissal as to Defendant Funky Monkey.

5. If Plaintiff chooses to file an amended complaint, she be directed to show cause in writing why this case should not be dismissed for failure to prosecute as to Defendant Funky Monkey, because Plaintiff has not moved for entry of a Clerk's default despite the fact that service was made on January 30, 2018. *See* Doc. 27.

---

[2] Although Funky Monkey at Pointe Orlando may no longer be in operation.

[3] The undersigned is aware that Plaintiff may choose not to bring claims against Defendant Pointe Orlando in the amended complaint due to the recently-filed joint stipulation of dismissal as that Defendant. *See* Doc. 45.

6. Plaintiff be permitted to file three separate actions as to Defendants Pointe Orlando, Johnny Rockets, and Giano Gelato.[4]

7. Each case filed pursuant to Paragraph 5 of this Order be assigned to the judges assigned to this case. At the time each new case is filed, Plaintiff's counsel shall provide the Clerk with a copy of this Order and alert the Clerk to this directive.

**DONE** and **ORDERED** in Orlando, Florida on June 7, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] The undersigned is aware that Plaintiff may choose not to file these additional actions against Defendants Pointe Orlando, Johnny Rockets, and Giano Gelato due to the recently-filed joint stipulations of dismissal as those Defendants. *See* Docs. 44; 45; 46.